# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 04-1580


DONALD STEPHEN GALLEMORE

VERSUS

CARLTON JACKSON


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2002-0716
HONORABLE STUART S. KAY,  JR., DISTRICT JUDGE

**********

## JOHN D. SAUNDERS
## JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Glenn B. Gremillion, Judges.

**AFFIRMED.**

Henry Alan McCall
Stockwell, Sievert, et al
P. O. Box 2900
Lake Charles, LA 70602
(337) 436-9491
Counsel for Plaintiff/Appellant:
Donald Stephen Gallemore

Charles A Sam Jones, III
Attorney at Law
P.O. Box 995
DeRidder, La 70634
(337) 463-5532
Counsel for Defendant/Appellee:
Carlton Jackson

**SAUNDERS, J.**

This matter began as a boundary action between two neighboring landowners. A fence that encroached upon plaintiff's land was constructed by defendant's ancestor in title. Both defendant and his predecessor in title used the land up to that fence line. When defendant's son tore down a portion of the fence to repair it, plaintiff filed suit to have the property line between the properties set according to the title description and defendant asserted ownership of the disputed area through acquisitive prescription. The trial court ruled in favor of defendant. We affirm.

**FACTS AND PROCEDURAL HISTORY**

This boundary action involves property claimed by neighboring property owners. Plaintiff, Donald Gallemore, and defendant, Carlton Jackson both claim title to the disputed area. Plaintiff claims that he is the title holder of record of the land at issue, while defendant argues that he acquired ownership through thirty year acquisitive prescription.

Plaintiff's ancestor in title, F. A. Hodges, was an uncle to defendant's ancestor in title, Derbon Hodges. Sometime in the late 1950's or early 1960's, Derbon Hodges built a fence separating his land from his uncle's. This fence, however, encroached upon F. A. Hodges' land. From the time the fence was erected, Derbon Hodges possessed the land up to the fence line that encroached upon F. A. Hodges' land. Defendant purchased his tract on May 3, 1974 and continued Derbon Hodges' possession up to the fence line. Accordingly, defendant and his predecessor in title possessed the land up to the fence line for a period in excess of thirty years.

Approximately two years prior to the commencement of this suit, defendant's son began tearing down a portion of the fence to construct a new one along the same

line. In response, plaintiff filed this boundary action and defendant then asserted ownership through thirty years acquisitive prescription. The trial court ruled in favor of defendant and plaintiff appealed.

**ASSIGNMENTS OF ERROR**

> 1) The trial court erred in finding that Jackson established that his ancestor-in-title, Derbon Hodges, intended to possess adversely to his uncle, Frank Hodges, at the time the subject fence was built.

> 2) The trial court erred in finding that Jackson established all elements of a thirty year acquisitive prescription claim.

> 3) The trial court erred by not accepting the testimony of an expert in forestry regarding the time the fence wire was grown within trees.

**STANDARD OF REVIEW**

Findings of the trial court are reviewable on appeal, and the appellate standard of review has been clearly established. A trial judge's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't of Transp. & Dev.,* 617 So.2d 880 (La.1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112.

**ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO**

We will discuss these assignments together because the only element of the acquisitive prescription claim that plaintiff alleges was not proven by defendant is the intent to possess as owner. Because thirty years did not elapse between the time defendant purchased the land and the time this action was commenced, he must rely on his predecessor's possession to provide the requisite thirty years. According to plaintiff, the relationship between his ancestor in title, F. A. Hodges, and defendant's predecessor in title, Derbon Hodges, undermines the argument that Derbon intended to possess adversely to his uncle within the fence line that encroaches upon plaintiff's land. The trial court held that the elements of a claim for thirty years prescription were established. We agree.

Because both parties have good title to their respective parcels, the issue before us is whether defendant has gained ownership of the land within the fence line through acquisitive prescription. Defendant's title does not include this area; therefore, he must rely upon thirty year acquisitive prescription. A party seeking to establish such a claim must show that his possession was continuous and uninterrupted, peaceable, public and unequivocal, and with the intent to possess as owner. *Brooking v. Vegas*, 03-1114 (La.App. 3 Cir. 2/4/04), 866 So.2d 370, *writ denied*, 04-0577 (La. 4/30/04), 872 So.2d 491. When these elements have been established:

> the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds.

La.Civ. Code art. 794. After reviewing the record, we find no error in the trial court's ruling that all elements of the claim for thirty year acquisitive prescription were established and the boundary shall be fixed accordingly.

In order for a boundary to be set under Article 794, two requirements must be satisfied. There must be possession characterized by the four factors previously listed, and that possession must be within visible bounds. La.Civ. Code art. 794. The trial court ruled that the first three elements were satisfied and plaintiff does not dispute that ruling. Our analysis, therefore, will focus on the fourth factor which requires the intent to possess as owner.

Plaintiff argues that defendant did not positively demonstrate his intent to possess as owner. We note, however, that "[o]ne is presumed to intend to possess as owner unless he began to possess in the name of and for another." La.Civ. Code art. 3427. There is no evidence that Derbon Hodges possessed the disputed land in another's name. In fact, an affidavit of possession by plaintiff's ancestor in title, F. A. Hodges, indicates that the contrary is true. Derbon Hodges' ancestor in title was G. R. Hodges. G. R. Hodges acquired the property in 1930, when F. A. Hodges still had title to plaintiff's land. According to F. A. Hodges' affidavit of possession dated June 8, 1957, G. R. Hodges took immediate possession of the property, fenced it in and used it for pasturing and farming. The fence constructed by G. R. Hodges is not the fence at issue in this litigation and shall, hereinafter, be referred to as the "old fence." The affidavit goes on to state that G. R. Hodges "exercised and maintained ownership and possession" of this land until his death in 1947 and that this possession was continued by Derbon Hodges until the date of the affidavit. While the

fence line referenced by F. A. Hodges and that at issue here are not identical, the language of the affidavit shows that both G. R. Hodges and Derbon Hodges possessed the land on their own behalf. The presumption provided for in La.Civ. Code art. 3427, therefore, is in effect in this matter.

Having found that the presumption is operative here, we must next determine whether it has been rebutted. Plaintiff relies upon the testimony of Derbon Hodges' son, Robert Hodges, to demonstrate that the intent to possess as owner was not present. Robert testified that, had a dispute about the boundary line arisen between Frank and Derbon Hodges, his father would have deferred to Frank. Robert also testified that Frank was Derbon's "right-hand man." We, like the trial court, find this argument unpersuasive.

As the trial court noted, there is no evidence indicating that Frank Hodges ever objected to the construction of a fence encroaching upon his property or to the possession of the land up to that fence. In fact, Frank's affidavit suggests that he was aware of and approved these acts. He acknowledged that Derbon "exercised and maintained ownership and possession" of the land up to the fence built by G. R. Hodges. It is important to note here that defendant does not claim ownership of the land extending to the old fence, but, instead up to the new fence built by Derbon in 1962. All of the land enclosed within the new fence line was also enclosed by the old fence. Frank Hodges' affidavit was dated June 8, 1957; therefore, he could not have been referring to the land within the new fence that was subsequently constructed. The affidavit does, however, indicate that Derbon was possessing the land within the

old fence as owner. There is no evidence suggesting that this intent disappeared when the old fence was replaced by the new one in 1962.

Plaintiff never argues that defendant did not possess the land up to the fence as owner; therefore, the only issue is Derbon's intent. Based upon these facts and the record before us, we see no manifest error in the trial court's ruling that Derbon intended to possess this land as owner, the presumption of possession as owner was not rebutted, and defendant proved all elements of a claim for acquisitive prescription. Accordingly, the possession requirement contained within La.Civ. Code art. 3427 is satisfied.

Next, we must determine whether that possession occurred within visible bounds. As previously noted, the fence was constructed to provide an enclosure for pasturing on the land. It was used for this purpose by both defendant and Derbon Hodges. Plaintiff did offer testimony from surveyor Leo Reddoch stating that the fence was not continuous; however, Mr. Reddoch's survey was based upon the deeded description of the two parcels of land. Furthermore, defendant offered testimony indicating that it is continuous evidenced by the fact that he continued to run cattle up to the fence. Given the evidence before it, the trial court determined that both defendant and Derbon Hodges possessed the land within the visible boundary of the fence. After reviewing the record, we see no manifest error in that determination.

**ASSIGNMENT OF ERROR NUMBER THREE**

Plaintiff alleges that the trial court erred in refusing to accept the testimony of an expert in forestry. A thorough reading of his brief, however, reveals no argument

supporting this assertion. Plaintiff states what the expert would have testified to and that the testimony should have been allowed. Plaintiff does not, however, argue how the trial court erred. A review of the record reveals that the trial court did not allow the proffered evidence believing it was not within the witness' field of expertise. Plaintiff's brief does not address this issue whatsoever. Therefore, pursuant to the Uniform Rules--Courts of Appeal, Rule 2-12.4, we consider this assignment abandoned.

**CONCLUSION**

We find no manifest error in the trial court's ruling that defendant established all elements of a claim for acquisitive prescription. The trial court's ruling is affirmed in all respects. Costs of this appeal are assessed against plaintiff.

**AFFIRMED.**