NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-781

VIRGINIA ANDERSON BRUCE

VERSUS

BRENDA J. BRAY

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 59,157
HONORABLE CHARLES BLAYLOCK ADAMS, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Marc T. Amy, Judges.

AFFIRMED.

William Daniel Dyess
P. O. Drawer 420
Many, LA 71449
Telephone: (318) 352-5880
COUNSEL FOR:
      Plaintiff/Appellee - Virginia Anderson Bruce

Brenda J. Bray
In Proper Person
P. O. Box 351
Many, LA 71449
Telephone: (318) 332-6328

**THIBODEAUX, Chief Judge.**

This is an appeal arising out of a boundary dispute between property owners whose adjoining properties are separated by a wire fence. Defendant-appellant, Brenda Jean Bray (Ms. Bray), in proper person, claims that the trial court erred in relying on a professional survey performed on behalf of the plaintiff-appellee, Virginia Anderson Bruce (Mrs. Bruce)[1], to establish the permanent boundary between the properties. She alleges that the survey at issue does not reflect the correct boundary between the properties because it incorrectly shows a certain tract of land on the survey as property belonging to Mrs. Bruce. Ms. Bray claims that she acquired title to that certain tract via thirty-year acquisitive prescription, which was exhibited by her undisturbed, corporeal possession of the property for twelve years and by her ancestors-in-titles' possession of that land for preceding years, dating back to 1942. Based on the evidence presented, we find no manifest error in the trial court's judgment. We affirm.

## LAW AND DISCUSSION

This action was instituted in July of 2006 when Mrs. Bruce filed a Possessory Action, Request for Injunctive Relief, and Establishment of Permanent Boundary against Ms. Bray. She alleged that Ms. Bray had unlawfully acquired property within a 40 x 150 feet tract of land that was purchased by Mrs. Bruce's husband in 1976. She claimed that Ms. Bray acquired the land by unlawfully moving the original fence farther back onto the Bruce property.

Ms. Bray reconvened, alleging ownership of the land and contending that she never moved the fence line. She testified that in 1998, at the request of the now-deceased Mr. Bruce, she cleared brush along the original fence line and removed and

_____

[1]The action was filed in Mrs. Bruce's name by her daughter, Judith Ann Bruce, acting as her mother's agent pursuant to a Power of Attorney.

replaced it, with new wire fencing material, in its same location. She claimed that the fence line had existed at the same boundary since at least 1942.

The record establishes that in 1978, the Bruces purchased the 40 x 150 feet tract of land along which the disputed fence line was situated. This land bordered the Bruces' adjoining property, measuring 150 feet by 140 feet, which had been purchased by them in 1964. The 1978 purchase afforded them forty additional feet of highway frontage. Ms. Bray purchased a bordering "L-shaped" tract of land in 1995.

The record contains a land survey prepared by surveyor, Glen L. Cannon, on behalf of Mrs. Bruce. The survey revealed that the existing fence line, which ran in an "L-shaped" direction, dividing the Bruce and Bray properties, was located approximately thirteen feet inside of the Bruces' true property boundary. In other words, the existing fence gave Ms. Bray approximately thirteen more feet around the western and southern borders of the Bruce property.

Since both parties established good title to the respective parcels of land, Ms. Bray's claim of title would have to be based on acquisitive prescription. Louisiana Civil Code Article 3486 provides that "[o]wnership and other real rights in immovables may be acquired by the prescription of thirty years without the need of just title or possession in good faith." That possession extends "only to that which has been actually possessed." La.Civ.Code art. 3487.

> A party seeking to establish such a claim must show that his possession was continuous and uninterrupted, peaceable, public and unequivocal, and with the intent to possess as owner. *Brooking v. Vegas*, 03-1114 (La.App. 3 Cir. 2/4/04), 866 So.2d 370, *writ denied*, 04-0577 (La. 4/30/04), 872 So.2d 491. When these elements have been established: the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their

title called for, the boundary shall be fixed along these bounds.

*Gallemore v. Jackson*, 04-1580, pp. 2-3 (La.App. 3 Cir. 4/13/05), 900 So.2d 1095, 1097.

At the trial of this matter, Ms. Bray called a number of lay witnesses who lived or worked in the area; however, the surveyor's measurements and findings were not satisfactorily contradicted. Although Ms. Bray established the ownership and actual possession of her property since 1995, she was not able to provide, through any of her witnesses or evidence introduced, proof that the existing fence boundary being challenged had been in place, undisturbed and in the possession of her or her predecessors-in-title, for at least thirty years to satisfy her claim for title via acquisitive prescription. Accordingly, the judgment of the trial court is affirmed.

Costs of this appeal are assessed to defendant-appellant, Brenda J. Bray.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.